IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ORLANDO MALPICA-GARCIA**,

    Petitioner,

v.

**FREDERICK ENTZEL, Warden,**

    Respondent.

Civil No.: 3:18-CV-204
(GROH)

# REPORT AND RECOMMENDATION

## I.   INTRODUCTION

On December 19, 2018, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at Hazelton FCI who is challenging the validity of his conviction and sentence imposed in the United States District Court for the District of Puerto Rico. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

## II.   FACTUAL AND PROCEDURAL HISTORY[1]

### A.   Conviction and Sentence

Following a six-day trial, on July 1, 2005, Petitioner was found guilty in the District of Puerto Rico, of conspiring to possess and distribute drugs and of conspiring

---

[1] Throughout sections II.A. through II.C. all ECF numbers refer to entries in the docket of Criminal Action No. 3:03-CR-81 from the District of Puerto Rico, available on PACER unless otherwise noted. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

to possess and use firearms in furtherance of drug trafficking. ECF Nos. 952, 954; <u>United States v. Malpica-Garcia</u>, 489 F.3d. 393 (1st Cir. 2007), *cert. denied*, 128 S.Ct. 316 (2007). Petitioner was sentenced on October 19, 2005, to 385 months of incarceration as to Count 1, and to 240 months of incarceration as to Count 2, with those sentences to be served concurrently with one another. ECF No. 1018 at 2.

### B. Direct Appeal

Petitioner filed a notice of appeal on October 25, 2005. ECF No. 1020. On June 6, 2007, the Court of Appeals for the First Circuit affirmed Petitioner's conviction and sentence, in that court's docket number 05-2728. <u>United States v. Malpica-Garcia</u>, 489 F.3d 393 (1st Cir. 2007).

### C. Post-Conviction Relief Attempts: Motions to Vacate Under 28 U.S.C. § 2255, to Reduce Sentence and for Relief From Judgment, and Appeals Thereof

#### 1. Motion to Vacate Sentence Under 28 U.S.C. § 2255

On September 17, 2008, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1216; D.P.R. 3:08-CV-2055, ECF No. 1. Petitioner asserted that he was denied effective assistance of counsel in plea negotiations and during the trial of his case before the district court. <u>Id.</u> at 4. On August 13, 2009, the district court denied Petitioner's motion to vacate, finding that he received "effective assistance during plea bargaining . . . [but that] Petitioner rejected both potential [plea] offers and chose to proceed to trial. Accordingly, § 2255 relief is not warranted." ECF No. 1241 at 8, 3:08-CV-2055, ECF No. 27 at 8.

Petitioner appealed the denial of his § 2255 motion to the First Circuit Court of Appeals, which by judgment entered March 25, 2010, denied Petitioner a certificate of appealability and terminated his appeal, in that court's docket 09-2289.  3:08-CV-2055, ECF No. 48.

### 2.     Motion to Reduce Sentence

Petitioner next filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) and §1B1.10(c) of the United States Sentencing Guidelines, Amendment 782.  ECF No. 1389.  On January 12, 2016, the district court denied Petitioner's motion to reduce sentence.  ECF No. 1452.  Petitioner appealed that decision to the First Circuit Court of Appeals in that Court's case number 16-1217.  ECF No. 1475.  On January 9, 2018, the First Circuit affirmed the judgment of the district court.  Id.

### 3.     Motion for Relief From Judgment

On April 25, 2011, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b)(6) for relief from judgment denying his § 2255 motion.  D.P.R. 3:08-CV-2055, ECF No. 50.  The district court denied Petitioner's motion by order entered April 3, 2012, finding that Petitioner failed to establish the "exceptional circumstances" required to merit relief.  D.P.R. 3:08-CV-2055, ECF No. 55 at 5.

Petitioner appealed that decision to the First Circuit Court of Appeals in that Court's case number 12-2394, and on May 31, 2013, the First Circuit denied Petitioner a certificate of appealability and terminated his appeal.  D.P.R. 3:08-CV-2055, ECF No. 62.

### D. Claims in Instant § 2241 Petition

In his petition filed on December 19, 2018, Petitioner asserts three grounds for relief: (1) that his sentence is defective under Wheeler[2] because his sentence was enhanced based on a prior drug offense; (2) that the district court failed to conduct an adequate inquiry into Petitioner's motion to withdraw counsel; and (3) that Petitioner received ineffective assistance of counsel in his plea proceedings. ECF No. 1 at 5 – 6. For relief, Petitioner requests his conviction and sentence be vacated. Id. at 8.

Further, Petitioner asserts that § 2255 is inadequate or ineffective to test the legality of his detention, and that pursuant to the holding of Wheeler, he is entitled to relief under § 2241. Id. at 9.

### III. LEGAL STANDARDS

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

---

[2] United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).

### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[4] (2) the prohibition against successive petitions, or (3) a

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

---

[5] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

7

> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

### A. Petitioner's Challenge to his Conviction

Petitioner's challenge to his conviction is based on alleged ineffective assistance of counsel.[6] ECF No. 1 at 5 – 6. Because Petitioner's direct appeal rights have expired and Petitioner has already filed one unsuccessful § 2255, he may seek leave to file a

---

[6] Petitioner's challenge to his conviction on the basis of ineffective assistance of counsel is the same claim Petitioner asserted in his § 2255 motion filed in the District of Puerto Rico, case number 3:08-CR-2055. The denial of that claim by the district court was entered August 13, 2009. D.P.R. 3:08-CR-2055, ECF No. 27. Additionally, Petitioner's claim regarding the improper enhancement to his sentence has twice been considered by the First Circuit Court of Appeals: (1) in Petitioner's appeal of his § 2255 motion, 09-2289, which combined the arguments regarding ineffective assistance of counsel and impropriety of sentence; and (2) in Petitioner's appeal of the denial of his motion to reduce sentence, 16-1217.

8

successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his conviction and sentence in a § 2241, he must meet all three prong of the Jones test and/or all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

As to conviction in the instant case, even if Petitioner satisfied the first and the third elements of Jones, the crimes which Petitioner was convicted of committing remain criminal offenses and therefore Petitioner cannot satisfy the second element of Jones. Consequently, because Petitioner clearly attacks the validity of his conviction and sentence and fails to establish that he meets the Jones requirements, Petitioner has not demonstrated that section 2255 is an inadequate or ineffective remedy and has improperly filed a section 2241 petition.

**B.    Petitioner's Challenge to his Sentence**

Petitioner's challenge to his sentence is based on his claim "the definition of § 802(44) [a] felony drug offense used to enhance [his] statutory minimum under § 851 is unconstitutionally vague" under the post-Booker advisory Guidelines. ECF No. 1 at 5. As noted above, because Petitioner's direct appeal rights have expired and Petitioner has already filed one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new

9

rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case as to sentence, even if Petitioner meets the first, third, and fourth prongs of Wheeler, Petitioner cannot meet the second prong, which requires a showing that after his direct appeal and first § 2255 motion there was a change in the formerly settled substantive law, which change was deemed to apply retroactively on collateral review.

Petitioner claims that the holding of Sessions v. Dimaya, 138 S.Ct. 1204 (2018), was a substantive change in the law which renders his sentence to be fundamentally defective.[7] ECF No. 1-1 at 2. However, the Supreme Court's decision in Dimaya has not been deemed to be retroactive on collateral review. If it had, Petitioner could have filed for relief under § 2255(h)(2)[8], and Petitioner could not satisfy the third prong of Wheeler to seek relief through a § 2241 petition.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the

---

[7] The Court notes that Dimaya relates to invalidation of the definition of a crime of violence under the Immigration and Nationality Act, and Petitioner is seeking an extension of Dimaya to challenge the definition of a felony drug offense under § 802(44). However, Petitioner fails to cite any case to support his request or demonstrate any change in the formerly settled substantive law.

[8] The Court notes that to satisfy the requirements of § 2255(h), Petitioner must obtain a certification from a court of appeals to file a second or successive motion under § 2255, and that Petitioner has twice previously been denied a certificate of appealability from the First Circuit.

cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's writ of habeas corpus pursuant to § 2241 [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  February 6, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE