# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ORLANDO MALPICA-GARCIA,**

    Petitioner,

v.                                              **CIVIL ACTION NO.: 3:18-CV-204 (GROH)**

**FREDERICK ENTZEL, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 11] on February 6, 2020. Therein, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

## I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Petitioner accepted service of Magistrate Judge Trumble's R&R on February 10, 2020. ECF No. 12. The Petitioner filed his objections on February 27, 2020. ECF No. 13. Accordingly, this Court will review the portions of the R&R to which the Petitioner objects *de novo*.

## II. Discussion

In this matter, the Petitioner seeks to challenge the validity of his conviction and sentence imposed in the United States District Court for the District of Puerto Rico. In support, the Petitioner asserts the following claims: (1) that his sentence is defective under United States v. Wheeler, 866 F.3d 415 (4th Cir. 2018) because the definition of "felony drug offense"[1] used to enhance his statutory minimum sentence is constitutionally vague; (2) the district failed to conduct an adequate inquiry into his motion to withdraw counsel; and (3) he received ineffective assistance of counsel during his plea proceedings. ECF No. 1 at 5–6.

Upon review, Judge Trumble first finds that the Petitioner is unable to challenge the legality of his sentence because his claim does not satisfy the § 2255(e) savings clause. Specifically, Judge Trumble concludes that the Petitioner cannot meet the second condition under In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000), which requires

---

[1] See 21 U.S.C. § 802(44) ("The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.")

that "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Because "the crimes which Petitioner was convicted of committing remain criminal offenses," the Petitioner is unable to satisfy this condition. ECF No. 11 at 9. Similarly, Judge Trumble finds that the Petitioner cannot challenge the legality of his sentence because he cannot satisfy the four-part test established in <u>Wheeler</u>. In particular, the Petitioner fails to cite a substantive change in settled law that occurred after his direct appeal and first § 2255 motion, which was deemed to apply retroactively on collateral review and would render his sentence fundamentally defective.

In his objections, the Petitioner does not contest Judge Trumble's findings with respect to his ineffective assistance of counsel claim and his claim that the district court failed to adequate inquire into his motion to withdraw counsel. The Petitioner acknowledges that both claims, which challenge the validity of his conviction, are "too opaque for [him] to reasonably make further argument." ECF No. 13 at 3. Therefore, the Court will adopt Magistrate Judge Trumble's findings on the Petitioner's challenge to his conviction. On the other hand, the Petitioner does object to Judge Trumble's findings regarding his challenge to his sentence. In support, the Petitioner argues that the holding in <u>United States v. Davis</u>, 139 S.Ct. 2319 (2019) demonstrates that the definition of "felony drug offense" under § 802(44) is unconstitutionally vague.

Here, the Petitioner mistakenly attempts to extend and apply the holding in <u>United States v. Davis</u> to his case. In <u>Davis</u>, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B)'s residual clause was unconstitutional vague because it requires judges to

take a categorical approach when determining whether an offense qualifies as a "crime of violence." 139 S.Ct. at 2325–27. However, the ruling in Davis cannot be extended to this matter because numerous courts have rejected a vagueness challenge to the definition of "felony drug offense" in § 802(44). See United States v. Mapuatuli, 762 F. App'x 419, 424 (9th Cir. 2019); see also United States v. Duncan, No. CR 15-87, 2019 WL 366667, at *4 (W.D. Pa. Jan. 30, 2019) (citing to cases where the Second and Ninth Circuits rejected a vagueness challenge to § 802(44)). Therefore, the Petitioner's objection is overruled. Accordingly, the Petitioner is still unable to satisfy the second prong of Wheeler.

### III. Conclusion

For the aforementioned reasons, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 11] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Petitioner's § 2241 Petition [ECF No. 1] is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** March 19, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE